IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN JOZWIAK, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4489 |
| TRENDSETTER ENGINEERING, INC.,<br>    Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Trendsetter Engineering, Inc. ("Trendsetter" or "Defendant") has a business plan that includes not paying hourly employees for all the time they work, and paying hourly employees less overtime pay than they are entitled to receive.  Trendsetter does this in order to save money and thus gain an unfair advantage over competitors who follow the law in their employment practices.  Plaintiff Ryan Jozwiak ("Jozwiak" or "Plaintiff") is one of a number of employees hired by Trendsetter as an hourly service technician who were paid less money than they should have. Jozwiak brings this lawsuit on his own behalf and on behalf of his former co-workers against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.     Jozwiak worked for Trendsetter as a subsea service technician from June of 2018 until June 20, 2019.  Jozwiak's duties included, but were not limited to, assembling, installing, and maintaining equipment related to offshore oil and gas operations. Jozwiak worked with a

number of other individuals who were employed in similar or the same positions, who worked alongside Jozwiak, and who were subjected to the same pay practices as the Plaintiff.

2. During the time he worked for the Defendant, Jozwiak and his co-workers regularly worked in excess of 40 hours per week.

3. Defendant paid Jozwiak and his co-workers on an hourly basis. Defendant paid Jozwiak and his co-workers an overtime premium for many of the hours he worked in excess of 40 in a workweek. However, they were not paid for all the hours they worked, and when they worked offshore, they were paid at an improperly low overtime rate.

4. When Jozwiak and his co-workers worked on shore at Defendant's shop location (the "Shop"), they regularly worked 10-12 hour shifts 5 or 6 days per week, depending on company requirements. Jozwiak and his co-workers generally worked shifts starting at 6 or 7 am. If they arrived at work prior to their scheduled shift time, they were permitted to clock in and work, but they were not paid for the time they worked before their official start time (if they arrived late, they were paid beginning when they arrived and clocked in). Jozwiak and his co-workers regularly arrived prior to their shift, were allowed to clock in and work, and were not paid for the time they worked prior to their shift time ("off-the-clock work").

5. When Jozwiak and his co-workers worked offshore at Defendant's customers' locations, they were paid a daily bonus by Trendsetter, which is a common pay practice in the oil & gas industry. This bonus was non-discretionary pay that all workers were paid when they worked offshore. The bonus payments were not factored into the workers' pay for purposes of calculating overtime pay; instead, the overtime pay rate was calculated based solely on 1.5 times the workers' base hourly rate. This resulted in an underpayment of overtime pay because the

bonus payments should have been factored in and would have increased the workers' effective hourly rates.

## Allegations Regarding FLSA Coverage

6. Defendant Trendsetter Engineering. Inc. is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

7. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

9. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

11. Defendant was legally required to pay Jozwiak and his similarly situated hourly service technician co-workers ("Members of the Class") overtime pay for all hours that these

individuals worked for Defendant in excess of 40 in any workweek, and to pay them at a properly overtime rate, including accounting for the bonus payments in calculating their overtime pay rate.

12. Jozwiak worked over 40 hours in many workweeks that he worked for Defendant.

13. Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

14. Defendant did pay Jozwiak an overtime premium for the overtime hours for which he was actually paid; however, the overtime rate Defendant paid to Jozwiak when he worked offshore was incorrect because Defendant did not factor the day rate it paid Plaintiff into the hourly rate used to calculate the overtime rate, which caused an underpayment to Jozwiak. Members of the Class have the same issue for those workweeks that they worked offshore.

15. In addition, Jozwiak and Members of the Class were not paid for all the time they worked onshore in the shop ("off-the-clock"). In the majority of weeks they worked, the off-the-clock hours were overtime hours for which Jozwiak and Members of the Class should have been paid time-and-a-half.

16. The Defendant knowingly, willfully, or with reckless disregard deprived Joswiak and Members of the Class of the pay to which they were entitled; the most glaring example if this is the off-the-clock work that these individuals worked. In addition to wrongfully taking money and benefits from its employees, Defendant's actions allowed Defendant to gain an unfair advantage over its competition in the marketplace.

17. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Members of the Class. Such practice was, and continues to be with regard to the Members of the

Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

18. Defendant violated the FLSA by failing to pay Jozwiak and Members of the Class overtime pay for hours worked over 40 per workweek.

19. Jozwiak and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

20. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

21. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

22. The class of similarly situated Plaintiffs is properly defined as:

> **All service technicians who are/were employed by and paid on an hourly basis and who received additional pay for working offshore and/or away from home by Defendant Trendsetter Engineering, Inc. during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

23. Defendant Trendsetter Engineering, Inc. ("Trendsetter") is a Texas corporation and an "employer" as defined by the FLSA. Trendsetter Engineering, Inc. may be served

through its registered agent, Mario R. Lugo, at 10430 Rodgers Road, Houston, Texas 77070, or wherever he may be found.

24. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

25. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all service technicians who were paid on an hourly basis and who received additional pay for working offshore or away from home, and who are/were employed Trendsetter Engineering, Inc. during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF RYAN JOZWIAK**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF RYAN JOZWIAK**